UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BILLY RAY HEGGIE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) No. 3:21-cv-00056 |
| **SOUTHERN HEALTH PARTNERS,** *et al.*, | ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OPINION

Billy Ray Heggie, a pre-trial detainee currently in the custody of the Dickson County Jail in Charlotte, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Southern Health Partners, Nurse Practitioner Trent l/n/u, Nurse Kim l/n/u, Nurse Leah l/n/u, Nurse Crystal l/n/u, and Dickson County, Tennessee. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." <u>Tackett v. M & G Polymers, USA, LLC</u>, 561 F.3d 478, 488 (6th Cir. 2009) (citing <u>Gunasekera v. Irwin</u>, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The court must construe a pro se complaint liberally, <u>United States v. Smotherman</u>, 838 F.3d 736, 739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972); <u>Jourdan v. Jabe</u>, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." <u>McDonald v. Hall</u>, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

Plaintiff, a pre-trial detainee in the custody of the Dickson County Jail, suffers from cancer, Hepatitis C, migraines, two cracked vertebrae, and neuropathy. In addition, his "nose run[s] constantly every time [he] eat[s]." (Doc. No. 1 at 12). Beginning on March 14, 2020, the medical team at the Dickson County Jail has refused to provide any medical care to Plaintiff and instructed Plaintiff to cancel his pending surgeries. According to Plaintiff, his cancer "has got a lot larger is about to enter [his] left eye." (Id. at 5). He is experiencing liver and foot pain and has lost "a lot" of weight. (Id. at 12, 13). Nurse Practitioner Trent "makes jokes" about Plaintiff's medical conditions. (Id. at 12). Plaintiff has received no medical care for his conditions and pain for over ten months. (Id.) He alleges that "this jail get[s] away with a lot of wrongful things. Not only me, but a lot of other people here." (Id.)

## IV. Analysis

The complaint alleges that Defendants are deliberately indifferent to Plaintiff's serious medical needs. Failure to provide medical care may give rise to a violation of a prisoner's rights

3

under the Eighth Amendment.[1] The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. Rouster v. Cnty. of Saginaw, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." Id. (quoting Farmer, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. Deliberate indifference "entails something more than mere negligence," but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 834.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges

---

[1] The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pre-trial detainees. Ingraham v. Wright, 430 U.S. 651, 664 (1977). For the purposes of the required initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pre-trial detainees with rights analogous to those under the Eighth Amendment. See Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6th Cir. 2001).

a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Id. A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. See Estelle, 429 U.S. at 107.

In sum, generally speaking, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). However, prison medical personnel may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or lack thereof or by "interfer[ing] with treatment once prescribed." Estelle, 429 U.S. at 104-05; see also Berryman v. Rieger, 150 F.3d 561, 566 (6th Cir. 1998) (quoting Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (a prisoner has a cause of action for deliberate indifference if he "suffers pain needlessly when relief is readily available.")).

Here, as Defendants, the complaint names three nurses in their official capacities only (Kim l/n/u, Leah l/n/u, and Crystal l/n/u); Nurse Practitioner Trent l/n/u in his/her official capacity only; Southern Health Partners; and Dickson County, Tennessee. First, with regard to the official capacity claims against Kim, Leah, Crystal, and Trent, it is well-settled that an official capacity suit is nothing more than a suit against the governmental entity. See, e.g., Leach v. Shelby Cnty., 891 F.2d 1241, 1245-46 (6th Cir. 1989) ("[The plaintiff's] suit against the Mayor and the Sheriff of Shelby County in their official capacities is, therefore, essentially and for all purposes, a suit

against the County itself."); Petty v. Cnty. of Franklin, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that [the plaintiff's Section 1983] suit is against [the sheriff] in his official capacity, it is nothing more than a suit against Franklin County itself.") (citing Ky. v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")). Here, the complaint alleges that these Defendants are employees of Southern Health Partners, the entity responsible for providing medical care to inmates at the Dickson County Jail. Because Southern Health performs a traditional state function in providing medical care to state inmates, Southern Health acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996).

In order for Southern Health to be liable under Section 1983, Plaintiff must allege that there is a direct causal link between a policy or custom of Southern Health and the alleged constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In other words, Southern Health may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 F. App'x 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right"). To hold Southern Health liable, Plaintiff cannot rely on the theory of respondeat superior or vicarious liability. Street, 102 F.3d at 818. Liability attaches only if Southern Health's policies are shown to be the "moving force" behind Plaintiff's injuries. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." Garner v. Memphis Police Dep't, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, construed liberally, the pro se complaint alleges that Southern Health maintains a policy or practice of not treating the inmates at the Dickson County Jail for the serious issues from which Plaintiff suffers, and this policy or practice was the moving force behind Plaintiff's injuries (worsening cancer, pain, weight loss). For purposes of the required PLRA screening, the Court finds that these allegations state non-frivolous claims under the Eighth Amendment pursuant to Section 1983 against Nurses Kim, Leah, and Crystal and Nurse Practitioner Trent in their official capacities, which are actually claims against Southern Health Partners, also named by Plaintiff as a Defendant. Of course, Plaintiff ultimately must provide proof supporting his claims, but the Court finds that his allegations survive the required screening and warrant development of the record. See Ellison v. Lonza, No. 3:19-CV-182-PLR-DCP, 2020 WL 3513241, at *2 (E.D. Tenn. June 29, 2020) (liberally construing pro se prisoner-plaintiff's allegations regarding his pursuit of medical care in the Claiborne County Jail in favor of plaintiff where "it appears that he alleges that Claiborne County and/or Southern Health Partners have a custom or policy of not treating the prisoners in the Claiborne County Jail for the serious medical issues from which Plaintiff suffers").

The complaint does not name the Defendant nurses and nurse practitioner in their individual capacities, although the complaint alleges that "the medical team" refused to treat Plaintiff and told him to cancel his upcoming surgeries. Plaintiff's allegations against these individuals could be viewed as rising to the level of deliberate indifference to Plaintiff's serious medical needs, in particular the allegation that these Defendants refused to provide *any treatment at all* for Plaintiff's cancer or Hepatitis C for a ten-month period. Acknowledging Plaintiff's pro se status, the Court will grant Plaintiff permission to amend his complaint for the purpose of adding Section 1983 claims against these Defendants in their individual capacities, if he desires, with respect to the allegations of withholding medical treatment.

7

Next, as to Plaintiff's claims against Dickson County, Tennessee, the complaint alleges that Plaintiff is "suing Dickson County for hiring Southern Health Partners." (Doc. No. 1 at 12). While Dickson County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51 (2011) (internal citations and quotation marks omitted). Under Section 1983, a municipality can be held liable only if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693 (1978)); Regets v. City of Plymouth, 568 F. App'x 380, 394-95 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

For purposes of the required PLRA screening, the Court finds that Plaintiff's cancer and Hepatitis C, at a minimum, constitute sufficiently serious medical needs. See Tankesly v. Corrs. Corp. of America, No. 3:14-cv-0911, 2017 WL 3034654, at *16 (M.D. Tenn. July 18, 2017) (finding that prisoner-plaintiff's tonsillar cancer "clearly" constituted a serious medical need); Rouster, 749 F.3d at 446; Vandiver v. Vasbinder, 416 F. App'x 560, 562–63 (6th Cir. 2011) (referring to Hepatitis C as "a chronic and potentially fatal disease") (citing Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006). The complaint further alleges that Dickson County and/or its agent Southern Health Partners maintains a policy or practice of not treating the inmates at the Dickson County Jail for cancer and Hepatitis C, and this policy or practice was the moving

8

force behind Plaintiff's worsening cancer and pain. The Court finds that these allegations state a colorable Eighth Amendment claim under Section 1983 against Dickson County, Tennessee, and this claim shall proceed for further development of the record.

## V. Conclusion

Having conducted the screening required by the PLRA, the Court determines that the complaint states Eighth Amendment claims under 42 U.S.C. § 1983 against Southern Health Partners; Dickson County, Tennessee; and Nurse Practitioner Trent l/n/u, Nurse Kim l/n/u, Nurse Leah l/n/u, Nurse Crystal l/n/u in their official capacities. These claims shall proceed for further development of the record.

The complaint did not name as Defendants the nurses and nurse practitioner in their individual capacities. Taking into consideration Plaintiff's pro se status and the allegations of the complaint, Plaintiff will be permitted to amend his complaint, if he so desires, to allege claims against these Defendants in their individual capacities regarding the withholding of medical treatment. If Plaintiff elects to amend his complaint, he must do within 30 days of entry of this Memorandum Opinion and accompanying Order.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE