UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY RAY HEGGIE, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHERN HEALTH PARTNERS et al., <br><br> Defendants. | Case No. 3:21-cv-00056 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises from the pretrial detention of pro se Plaintiff Billy Ray Heggie at the Dickson County Jail in Charlotte, Tennessee. (Doc. No. 20.) Heggie alleges that he told jail officials that he had cancer on his left temple, two cracked vertebrae in his back, neuropathy, Hepatitis C, and that his nose ran when he ate, but that jail officials denied him medical treatment and told Heggie to have his family cancel his scheduled surgeries. (*Id.*) Heggie further alleges that he has experienced severe pain, loss of sight in his left eye, and loss of hearing in his left ear and brings claims for monetary damages against Defendants Dickson County, Tennessee; Southern Health Partners; and against Nurses Kim Judy, Leah Hodges, and Crystal Chappell; and Nurse Practitioner Barry Trent Dority in their individual capacities. (*Id.*)

The defendants have moved for summary judgment (Doc. No. 49) and filed a motion for leave to file exhibits to their motion for summary judgment under seal (Doc. No. 50). The defendants state that they intend to file Heggie's medical records as an exhibit to their motion for summary judgment, and that those records should be sealed because they "contain confidential

medical information . . . that should not be accessible to the general public." (*Id.* at PageID# 199, ¶ 3.) Heggie has not responded to the motion to seal.

"The public has a strong interest in obtaining the information contained in the court record[,]" and there is "a 'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption of openness rest on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

The Court finds that the defendants' reference to private information in Heggie's medical records is not enough to justify sealing the presumptively public court records at issue here. *Cf. Tysons v. Regency Nursing, LLC*, No. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30,

2

Case 3:21-cv-00056 Document 58 Filed 06/22/22 Page 2 of 3 PageID #: 602

2018) (finding that "a mere reference to HIPAA does not mean that the Court should automatically grant [defendant's] motion to seal"). Heggie placed his medical condition at issue by filing this action alleging that the defendants violated his constitutional rights by denying him medical treatment. (Doc. No. 20.) Courts in this circuit recognize that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson*, 2018 WL 632063, at *1; *see also Kitchen v. Corizon Health, Inc.*, No. 1:16-cv-190, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA."), *rev'd in part on other grounds sub nom. Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032 (6th Cir. June 23, 2021); *Mathews v. Guardian Life Ins. Co. of Am.*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio Apr. 28, 2014) (denying motion to seal and finding that plaintiff "waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue").

Accordingly, the defendants' motion to file Heggie's medical records under seal (Doc. No. 50) is DENIED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

3
Case 3:21-cv-00056   Document 58   Filed 06/22/22   Page 3 of 3 PageID #: 603