UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILLY RAY HEGGIE,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS et al.,<br><br>    Defendants. | Case No. 3:21-cv-00056<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

On June 15, 2022, the Court ordered pro se and *in forma pauperis* Plaintiff Billy Ray Heggie to show cause by July 13, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) for Heggie's failure to prosecute his claims and under this Court's Local Rule 41.01(b) for his failure to keep the Court informed of his current mailing address. (Doc. No. 57.) Heggie has not responded to the Court's order to show cause. Therefore, for the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Heggie's complaint without prejudice for failure to prosecute under Rule 41(b) and Local Rule 41.01(a) and for failure to keep the Court informed of a current mailing address under Local Rule 41.01(b).

**I.    Factual and Procedural Background**

Heggie initiated this action on January 22, 2021, while detained pretrial at the Dickson County Jail in Charlotte, Tennessee, by filing a form complaint for civil rights claims. (Doc. No. 1.) The Court granted Heggie's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 10, 11.) The Court found that the complaint

stated nonfrivolous Eighth Amendment claims for deliberate indifference to Heggie's serious medical needs against Defendants Southern Health Partners; Dickson County, Tennessee, and Nurse Practitioner Trent l/n/u, Nurse Kim l/n/u, Nurse Leah l/n/u, and Nurse Crystal l/n/u in their official capacities. (Doc. No. 10.) The Court permitted Heggie to file an amended complaint to allege claims against the defendants in their individual capacities. (*Id.*) After Heggie filed multiple incomplete "amendments" and the Court extended the deadline to amend the complaint several times (Doc. Nos. 12, 14–16), Heggie filed an amended complaint on July 30, 2021 (Doc. No. 20).

The Court entered a scheduling order that required the parties to file any dispositive motions by May 10, 2022, and any responses within twenty-eight days after the dispositive motion is served. (Doc. No. 37.) The Court warned that failure to respond to a dispositive motion in accordance with the scheduling order "may result in the Court finding that the motion is not opposed, taking the facts alleged in the motion as true, and granting the requested relief. This may result in the dismissal of the case." (*Id.* at PageID# 171.) The Court later extended the dispositive motion deadline to May 17, 2022. (Doc. No. 48.)

Heggie filed three motions for appointment of counsel (Doc. Nos. 38, 42, 45), in which he also informed the Court that he had been transferred to the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee (Doc. No. 42), and then to the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee (Doc. No. 45). The Court denied Heggie's requests for appointed counsel without prejudice. (Doc. No. 46.)

The defendants filed a motion for summary judgment on May 17, 2022. (Doc. No. 49.) Heggie was ordered to file a response no later than twenty-eight days after being served with the motion. (Doc. No. 55.) More than sixty days have passed since the defendants filed the motion for summary judgment, and the docket shows that Heggie has not filed any response in opposition.

On June 13, 2022, a copy of the Court's order extending the deadline to file dispositive motions, which had been mailed to Heggie at BCCX, was returned to the Court with a label indicating that it had been forwarded to a residential address in Knoxville, Tennessee, but could not be delivered. (Doc No. 56.) The Court resent the order to Heggie at NWCX, but the order was again returned as undeliverable. (Doc. No. 60.) The Tennessee Department of Correction Felony Offender Information website reflects that Heggie is no longer incarcerated at NWCX and has been released on parole. *See* Felony Offender Information Search, https://foil.app.tn.gov/foil/search.jsp (follow "Search by TDOC ID" hyperlink; then search TDOC ID field for "150258"). Heggie has not notified the Court of a new address.

The Court ordered Heggie to show cause by July 13, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Rule 41(b) for his failure to prosecute his claims and under Local Rule 41.01(b) for failure to keep the Court informed of his current mailing address. (Doc. No. 57.) The order warned that failure to comply would likely result in a recommendation that Heggie's claims be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01. (*Id.*) That show-cause order was mailed to Heggie at NWCX but was returned as undeliverable on July 6, 2022. (Doc. No. 61.) Heggie has not responded to the show-cause order or updated his address with the Court.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties

3

Case 3:21-cv-00056   Document 62   Filed 07/25/22   Page 3 of 8 PageID #: 608

seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Heggie.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). There is no indication that Heggie's failure to respond to the defendants' motion for summary judgment, update his contact information, or otherwise respond to the Court's show-cause order was motivated by bad faith. However, because the Court warned Heggie that failure to respond to the motion for summary judgment or the show-cause order or to

update his address could result in dismissal (Doc. Nos. 37, 55, 57), these failures are indicative of willfulness or fault for purposes of Rule 41(b) and "tip[ ] the scale in favor of dismissal on the first factor," *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Walker v. Stewart Cnty.*, No. 3:18-CV-00618, 2019 WL 6501549, at *2 (M.D. Tenn. Oct. 11, 2019), *report & recommendation adopted*, 2019 WL 6493912 (M.D. Tenn. Dec. 3, 2019) (finding that plaintiff's failure to respond to motion for summary judgment and the Court's show-cause order and to keep the Court apprised of his current address reflected willfulness and fault for purposes of Rule 41(b)). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

6

responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

There is no indication that the defendants in this action have spent time or effort on anything other than filings considered "typical steps in the early stages of litigation[,]" including filing answers to Heggie's complaint (Doc. Nos. 23, 30) and a motion for summary judgment (Doc. No. 49). Accordingly, this factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Heggie that failure to respond to the defendants' motion for summary judgment, update his contact information, or otherwise respond to the Court's show-cause order could jeopardize his prosecution of this action and may result in a recommendation that his claims be dismissed. (Doc. Nos. 37, 55, 57.) This factor weights in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) and Local Rule 41.01(a) for Heggie's failure to prosecute his claims and Local Rule 41.01(b) for Heggie's failure to inform the Court of his current mailing address.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 25th day of July, 2022.

ALISTAIR E. NEWBERN
United States Magistrate Judge